08-5380-ag
Alam v. Holder

BIA
A072 375 850

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of December, two thousand nine.

PRESENT:
>       JON O. NEWMAN,
>       RALPH K. WINTER,
>       REENA RAGGI,
>            *Circuit Judges*.

_____

ABDUL LATIF ALAM,
>       *Petitioner*,

>       v.                                                08-5380-ag
>                                                              NAC

ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE UNITED STATES,[1]
>       *Respondent*.

_____

FOR PETITIONER:        Richard W. Chen, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:**     **Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse L. Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Abdul Latif Alam, a native and citizen of Pakistan, seeks review of the October 8, 2008 order of the BIA denying his motion to reopen. *In re Abdul Latif Alam*, No. A072 375 850 (B.I.A. Oct. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). Here, the BIA did not abuse its discretion by denying Alam's motion to reopen as untimely. An alien seeking to reopen proceedings must file his motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Alam's May 2008 motion was untimely because the BIA issued a final order of removal in December 2002. Moreover, the BIA properly found that Alam's motion did not qualify for an exception to the time limitation based on his assertion of changed country conditions in Pakistan. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in denying Alam's motion to reopen based on his failure in the reopening motion to rebut the Immigration Judge's adverse credibility determination in the original removal decision.[2] *See Kaur v.*

---

[2] We are without jurisdiction to consider Alam's challenge to that original determination itself. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83 (2d Cir. 2001).

*BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding) (citing *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007)). Specifically, to the extent the IJ had previously found Alam not credible as to his alleged involvement in the MQM party, and the BIA had affirmed that decision, the BIA was under no obligation to credit Alam's new assertions in his motion to reopen, which were again based on his involvement with MQM. *See Kaur*, 413 F.3d at 234. The BIA further observed that the sworn affidavit Alam submitted with his motion conflicted with an earlier motion to reopen with regard to key dates, including the year he joined MQM and the year his father was killed.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

-3-